HOTEL & RESTAURANT EMPLOYEES & BARTENDERS INTERNATIONAL UNION, NO. 522, et al. v. LAMBERT et al.

Court of Appeals of Kentucky.

May 29, 1953.

Joseph S. Freeland, Paducah, for appellants.

Wheeler & Marshall, Paducah, for appellees.

CULLEN, Commissioner.

The Hotel & Restaurant Employees and Bartenders International Union, Local No. 522 of that Union, and one Jack Boring, business agent of the Local, have appealed from a judgment which permanently enjoined them from picketing a restaurant owned by the appellees, "for the purpose of compelling said plaintiffs or either of them to enter into a contract requiring any of their employees to join said Local or said Union."

The restaurant, known as the "Broadway Grill," is located in the City of Paducah and is owned by the appellees Henry and Edith Lambert.

None of the employees of the restaurant belonged to the union. The evidence establishes beyond question that the picketing, which was carried on by members and officers of the local unit of the union, was for the sole purpose of coercing the owners of the restaurant to sign a "closed shop" contract. There is some contention that the picketing had the further purpose of protesting the firing of four of the restaurant employes, but none of these four employees belonged to the union and the evidence tends to be convincing that they were not fired, but quit. And it may be observed that the terms of the injunction prohibit only picketing for the purpose of compelling unionization of the restaurant employees.

The injunction clearly was authorized under authority of the decision in Blue Boar Cafeteria Company, Inc. v. Hotel & Restaurant Employees & Bartenders International Union Local No. 181, Ky., 254 S.W.2d 335.

The appellants contend that under the terms of the contract which they wanted the appellees to sign, the "closed shop" clause would not be binding in any state where the law prohibits such contracts. They also contend that the contract would not have been enforceable because it lacked mutuality. Their argument seems to be that they were not endeavoring to coerce the appellees to force their employees to join the union, because the contract requiring unionization would have been an unenforceable one. We fail to see how the union can claim the right to picket an employer for the purpose of forcing him to sign a worthless contract.

The judgment is affirmed.